# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORACIO SOTO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-01431** |
| **SENTRY SELECT INSURANCE COMPANY, GEORGE ADAMS, AND PROGRESSIVE SECURITY INSURANCE COMPANY** | **SECTION: "B" (2)** |

## ORDER AND REASONS

Before the Court are Plaintiff Horacio Soto's ("Soto") Motion to Remand to State Court and Defendants Progressive Security Ins. Co., George Adams, and Sentry Select Ins. Co.'s ("Defendants") Opposition to Plaintiff's Motion to Remand. (Rec. Doc. Nos. 5, 7, 15, 26, 27, and 31). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court is **DENIED**.[1]

CAUSE OF ACTION AND FACTS OF THE CASE:

Plaintiff Soto filed suit in the 24th Judicial District Court of the Parish of Jefferson on April 27, 2012, after an automobile accident on June 6, 2011. (Rec. Doc. No. 1-2) Plaintiff alleges his automobile was struck by a tractor and/or trailer operated by George Adams ("Adams") and is seeking damages

---

[1] We are grateful for the work on this case by Emily C. Byrd, a Loyola Law School Extern with our Chambers.

for his injuries. On June 5, 2012, Defendants filed Notice of Removal with this Court. (Rec. Doc. No. 1-1). Soto named Defendants Adams, the other driver, Sentry Select Ins. Co.("Sentry"), Adams' insurer, and Progressive Security Ins. Co. ("Progressive"), Plaintiff's insurer. Defendants allege that Soto improperly added his own insurer, Progressive, as a co-defendant. Progressive is seeking dismissal from the case based on the Plaintiff's wife's signed waiver of the uninsured/underinsured motorist ("UM") coverage. Plaintiff alleges that this waiver was invalid due to a dispute in authenticity of the initials and date of the UM waiver.

## **LAW AND ANALYSIS**
<u>Improper Joinder</u>

Plaintiff alleges that a lack of complete diversity under 28 U.S.C. §1332, specifically the presence of a Louisiana co-defendant, precludes removal to this Court. Pursuant to 28 U.S.C. §1447, a case lacking complete subject matter jurisdiction shall be remanded to state court. The proper joinder and service of a non-diverse Defendant generally defeats a removal action. 28 U.S.C. §1441(b)(2). A defendant may still seek the removal of a case if the non-diverse co-defendant was improperly joined. *Id.*

Improper joinder can occur in one of two ways: "(1) actual fraud in pleading of jurisdictional facts; or (2) inability of

2

plaintiff to establish cause of action against non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id. (*citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). A merely theoretical possibility of recovery will not suffice, the recovery must be reasonable. *Travis,* 326 F. 3d at 648. When determining fraudulent joinder, "the district court may, as it did in this case, 'pierce the pleadings' and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id*. at 648-49 (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir. 1990). For improper joinder the burden lies on the removing party to prove "absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Travis,* 326 F.3d at 647.

Whether or not Progressive was properly joined depends on

3

whether a valid waiver of the UM coverage was executed. If the waiver was validly executed, then Plaintiff has no basis for recovery from Progressive.

<u>Validity of UM Coverage Rejection</u>

Progressive contends that the waiver of UM coverage by Ms. Soto bars recovery by Plaintiff. *Hotard v. State Farm Fire and Cas. Co.*, 286 F.3d 814, 821-22 (5th Cir. 2002). Louisiana statutes and jurisprudence indicate a strong public policy in favor of UM coverage. *Hotard,* 286 F.3d at 819. The Supreme Court of Louisiana argues the UM statute, Louisiana revised statute 22:1406(D), is to be "liberally construed and that UM coverage will be read into an insurance policy unless validly rejected." *Hotard*, 286 F.3d at 819*.* Additionally, the Supreme Court of Louisiana also indicates that any waiver of the UM coverage must be "clear and unmistakable." *Id*. The insurer bears the burden of showing a valid rejection of the UM coverage occurred. *Id.* (citing *Daigle v. Authement*, 691 So.2d 1213, 1214 (La. 1997)). Pursuant to Louisiana revised statute 22:1406(D)(1)(a)(i), UM coverage is not assumed to be included in the policy if the insured rejects UM coverage in writing. *Westbrook v. State Farm Mut. Auto. Ins. Co.*, 5 F. Supp. 2d 415, 418 (E.D. La. 1998).

> The statute governing UM coverage rejection states:
> The form signed by the named insured or his legal

> representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. ***A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage,*** selected a lower limit, or selected economic-only coverage.

LA. REV. STAT. ANN. 22:1295(1)(a)(ii) (emphasis added).

Additionally, a waiver becomes "effective once the insurer receives the proper waiver form which conforms with the statutory requirements of La. R.S. 22:1406(D)(1)(a) and a missing date does not invalidate the waiver." *Dibos v. Bill Watson Ford*, 622 So.2d 677, 682 (La. Ct. App. 3d Cir. 1993). However, "extrinsic evidence may only be used to determine the intent of the parties to a contract when the intent is not clear from the document." *Westbrook*, 5 F. Supp. 2d at 419.

Plaintiff alleges there is a genuine issue of material fact as to whether Ms. Soto validly waived the UM coverage of the insurance policy. In Ms. Soto's deposition, she admits her signature is on the form, but that she can cannot confirm that the initials and date as her own. (Rec. Doc. No. 27). Under Louisiana revised statute 22:1295, there is no mention of initials necessary in order to waive UM coverage, only "the form signed by the named insured or his legal representative."

Plaintiff alleges that even though his wife's signature was

5

on the UM wavier, it is still possible the rejection was not knowingly made, due to her belief she had full coverage. (Rec. Doc. No. 18-4 at 13). In 1997, the state amended Louisiana revised statute 22:1406 to require the use of the form for UM waiver to be prescribed by the Insurance Commissioner. *Duncan v. U.S.A.A. Ins. Co.*, 950 So.2d 544, 548-49 (La. 2006). The standard in order to waive UM coverage, is "clear and unmistakable." *Id*. at 550. When the words of a section are "clear and free of ambiguity, the letter of it shall not be disregarded under the pretext or pursing its spirit." *Id*. at 550 (citing La. R.S. 1:4). In *Duncan*, Plaintiff contended that the phrase "properly completed" required every blank on the form to be filled. *Id*. at 551. The insurer in the case disputed this, contending it only had to comply with what was required by statute. *Id*. The court in *Duncan* elaborated, "the statute "dictates that a 'properly signed and completed form' is now presumed to constitute a knowing waiver of UM coverage." *Duncan*, 950 So.2d at 552. When property executed, the form prescribed by the commissioner is evidence of the insured's intent to waive UM coverage. *Id*. However, the intent of the insured cannot be relied on to "cure a defect in the form of the waiver." *Id*. The Court held that the missing policy number on the form failed to create a valid wavier of the UM coverage. *Id*. at 553.

The case at bar is distinguishable from *Duncan* in that nothing from the prescribed form of the Commissioner is missing. In this case, Plaintiff's wife admits that it is her signature on the UM waiver, that coupled with the policy number appears to be sufficient under *Duncan* to effectuate intent, even if the date and initials were missing.[2] (Rec. Doc. No. 18-5 at 5). Moreover, the intent and the proper signature on the form, would create a knowing waiver of UM coverage under *Duncan*.

The statute creates a rebuttable presumption when the insured completes and signs a UM coverage waiver. La. R.S. 22:1295(b). Ms. Soto's initials are present on the form and she admits in her deposition that the signature is her own. (Rec. Doc. No. 26 at 6.) Therefore, the question is whether the initials and date that she cannot confirm as her own are enough to rebut the presumption that she knowingly rejected coverage. Here, where Ms. Soto admits the signature is her own and does not explicitly deny she initialed the form as well, Plaintiff's contention is insufficient to rebut the presumption of waiver.

Plaintiff's Supplemental Memorandum in Support of Motion to Remand states the steps the commissioner of insurance, "in drafting the form, requires six tasks, all of which we find to be

---

[2] In the case at bar, the initials are not missing but their authenticity is disputed by Plaintiff, this is merely included for illustrative purposes.

pertinent in rejecting UM coverage." *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 552 (La. 2006), (Rec. Doc. No. 27). The insured indicates rejection of the coverage by marking their initials which indicates the selection or rejection chosen to indicate that the decision was made by the insured. *Id*. If lower limits are selected, then the lower limits are entered on the form to denote the exact limits. *Id*. However, the case does not elaborate as to questions of the authenticity of the initials, nor whether that would rebut the presumption of waiver.

Therefore, the lack of authentication of the initials is insufficient to rebut the presumption of waiver, where Ms. Soto admits the signature is her own and does not explicitly deny the initials and the date as her own. As a result, Progressive is dismissed as a co-defendant, creating complete diversity between the parties and invoking the subject matter jurisdiction of this Court.

New Orleans, Louisiana, this 29th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE